# Exhibit A

eFiled
7/21/2025 7:10:28 PM
Superior Court
of the District of Columbia

## Superior Court of the District of Columbia
### CIVIL DIVISION

**Check One:**

| ■ Civil Actions Branch | ☐ Landlord & Tenant Branch | ☐ Small Claims & Conciliation Branch |
|---|---|---|
| 500 Indiana Ave., N.W. | 510 4th Street, N.W. | 510 4th Street, N.W. |
| Room 5000 | Room 110 | Room 120 |
| Washington, D.C. 20001 | Washington, D.C. 20001 | Washington, D.C. 20001 |
| Telephone: (202) 879-1133 | Telephone: (202) 879-4879 | Telephone: (202) 879-1120 |

CITY OF PITTSBURGH COMPREHENSIVE MUNICIPAL PENSION TRUST FUND, directly on behalf of itself and all other similarly situated stockholders of THE CARLYLE GROUP INC. and derivatively on behalf of THE CARLYLE GROUP INC.,

                **Plaintiff**

v.

WILLIAM E. CONWAY, JR., DANIEL A. D'ANIELLO, DAVID M. RUBENSTEIN, PETER CLARE, JAMES H. HANCE JR., KEWSONG LEE, GLENN YOUNGKIN, ANTHONY WELTERS, LAWTON FITT, JANET HILL, WILLIAM J. SHAW, DR. THOMAS S. ROBERTSON, CURTIS BUSER, JEFFREY FERGUSON, CHRISTOPHER FINN, THE CARLYLE GROUP MANAGEMENT L.L.C., CARLYLE GROUP INC., CARLYLE HOLDINGS I GP INC., CARLYLE HOLDINGS I GP SUB L.L.C. INC., and CARLYLE HOLDINGS II GP L.L.C. INC.,

                **and**          **Defendant**

THE CARLYLE GROUP INC.,

                **Nominal Defendant.**

**To:** The Kennedy Center, 2700 F. St. NW, Washington, D.C. 20566

**SUBPOENA FOR A CIVIL CASE**

**CASE NUMBER:** _____
        2025-CAB-004739

☐ Check box if medical records are being requested

---

☐ **YOU ARE COMMANDED** to appear in this Court at the place, date, and time specified below to testify in the above case.

| COURTROOM AND ADDRESS | DATE | TIME |
|---|---|---|
| | | |

---

■ **YOU ARE COMMANDED** to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **See Schedule B.**

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
| Robbins Geller Rudman & Dowd, LLP, 905 16th Street NW, Suite 303, Washington, DC 20006 | 09/05/2025 | 9:30 AM ET |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition must designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which each person will testify. Super. Ct. Civ. R. 30(b)(6).

---

■ **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS |
|---|
| ## See Schedule A |

| PLACE OF PRODUCTION | DATE | TIME |
|---|---|---|
| Robbins Geller Rudman & Dowd, LLP, 905 16th Street NW, Suite 303, Washington, DC 20006 | 08/08/2025 | 9:30 AM ET |

---

☐ **YOU ARE COMMANDED** to permit inspection of the following premises at the date, and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
| | | |

---

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| *[signature]*  Attorney for Plaintiff | 7/21/25 |

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER

Christopher H. Lyons, 1521 Concord Pike, Suite 301 Wilmington, DE 19803, (302) 467-2660

---

Authorization as required by D.C. Code §14-307 and *Brown v. U.S.*, 567 A.2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege related to such records.

D.C. Superior Court
500 Indiana Ave. NW
Washington D.C. 20001
202-879-1133

Deputy Clerk
M. Quarles

_____ JUDGE

(See Super. Ct. Civ. R. 45 (c) and (d) on the reverse side)
WHITE - FOR RETURN OF SERVICE    YELLOW - FOR SERVICE

CV-433A [Rev June 2017]                                        Super. Ct. Civ. R. 45

**PROOF OF SERVICE**

| | Date | Time | Place |
|---|---|---|---|
| Served | | | |

| Served on (Print Name) | Title |
|---|---|
| | |

MANNER OF SERVICE (attach the return receipt if service was made by registered or certified mail) I served the
subpoena by delivering a copy to the named person as follows:

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled case and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
        Date

_____
Signature of Server

_____
Address of Server

## Super. Ct. Civ. R. 45(c) and (d):

### (c) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents, electronically stored information, or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court must quash or modify a subpoena that:

(i) fails to allow reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 25 miles from where that person resides, is employed, or regularly transacts business in person—except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place to the place of trial;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 25 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

### (d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation materials must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A

## TO SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO THE KENNEDY CENTER

## DEFINITIONS

1.    "Action" means the above-captioned action.

2.    The terms "and" and "or" shall be construed as both disjunctive and conjunctive.

3.    The terms "any" and "all" shall be construed to include "each" and "every."

4.    The terms "concerning," "relating to," and "relate to" shall mean constituting, containing, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, stating, summarizing, analyzing, supporting, or in any way pertaining to the subject matter of the relevant request.

5.    The term "communication" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes or records any communication.

- 1 -

6.     The terms "document" and "documents" shall be interpreted in the broadest possible sense and include, but are not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner, and also include, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," text messages, compact discs, CD-ROM discs, electronic data, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities.  The term "document" also includes drafts or revisions or non-identical copies of any such document, now in Your possession, custody or

- 2 -

control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.  For the avoidance of doubt, the term "documents" shall be construed to include "communications."

7.      The term "document" or "documents" shall have the broadest meaning possible under Court of Chancery Rules 26 and 34.

8.      The term "including" means "including, without limitation" or "including, but not limited to."

9.      The terms "relationship" or "relationships" means any relationship, whether personal, familial, social, charitable, financial, professional or business-related, and includes any formal, informal, contractual or legal relationship concerning any employment, occupation, profession, ownership or equity interest for monetary gain, personal gain or livelihood, as well as any monetary, financial or labor investment.

10.      "The Kennedy Center," "You, and "Your" means the John F. Kennedy Memorial Center for the Performing Arts, including its subsidiaries, affiliates, agents, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

- 3 -

## INSTRUCTIONS

1.      "Herein," and words of similar meaning, shall refer to the Document Requests as a whole, and not to any particular portion of the Document Requests.

2.      The use of the singular form of any word shall include the plural and vice versa; the use of the masculine gender shall include the feminine and neuter genders and vice versa.

3.      In responding to these Requests, You shall produce separately all documents in Your possession, custody, or control.  Without limitation of the term "possession, custody, or control" in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody or have the right or ability to obtain the document or a copy thereof upon demand from one or more of Your subsidiaries, parents, affiliates, employees, officers, directors, members, partners, agents, attorneys, predecessors, successors, assigns and any other persons or entities acting or purporting to act on your behalf.

4.      All documents shall be produced in the order in which they are kept in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.   All documents shall be "categorized" in the load file "by responsiveness to each request."  *Kinexus Representative LLC v. Advent Software, Inc.*, 2008 WL 4379607, at *2 (Del. Ch. Sept. 22, 2008).  Any documents that were created, or were at any time stored,

- 4 -

digitally or electronically, must be produced in their native format on standard read-only digital media or as bit-stream duplications on standard read-only digital media, but not in hardcopy and not as .tiff, .pdf, or similar file types.  For any documents that were created digitally but executed with a hand-written signature or physical seal, both the digital version and the signed paper copy should be produced.

5.    For any responsive documents stored in electronic format, including email, You shall produce those documents in searchable electronic format (*e.g.*, single-page .tiff format with corresponding OCR or full-text files) on CD-ROMs, DVD-ROMs, portable or external hard drives, or other widely-used electronic or optical storage media.  All Microsoft Excel and PowerPoint documents shall be produced in native format, and Plaintiffs reserve the right, as needed, to seek production of additional documents, or categories of documents, in native format. Each native file shall be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  All responsive electronic documents and communications shall be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields:  "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "date sent," "time

sent," "subject," "custodian," "author," "file name," "date created," "date last modified," "file path," "discovery path," "NATIVELINK," and "MD5HASH."

6.    You should produce the original of each document described below or, if the original is not in your custody, then a copy thereof, and, in any event, all non-identical copies, including drafts, that differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

7.    If any portion of any document or communication is responsive to any Request, the entire document must be produced.

8.    If there are no documents responsive to any particular Request or subpart thereof, you shall state so in writing.

9.    If any objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection or production of the responsive items will occur notwithstanding such objection.

10.    If You withhold any Document requested herein on the basis of any assertion or privilege or other immunity from discovery, You must comply with the requirements of Court of Chancery Rule 26.

- 6 -

11.     If any form of privilege or other protection from disclosure is claimed as a ground for withholding, in whole or in part, a document responsive to any of the Requests, set forth the following information:

(a)     Which privilege is claimed;

(b)     A precise statement of the facts upon which said claim of privilege is based;

(c)     The following information describing each purportedly privileged document: (i) its nature, (*e.g.*, email, agreement, letter, memorandum, etc.); (ii) the date it was prepared; (iii) the date it bears; (iv) the date it was sent; (v) the date it was received; (vi) the identity of the person preparing it; (vii) the identity of the person sending it; (viii) the identity of each person to whom it was sent or was intended to have been sent, including all addressees and all recipients of copies; (ix) a statement as to whom each identified person represented or purported to represent; and

(d)     The job titles and affiliations for each person who prepared, sent or received each purportedly privileged document.

12.     Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the grounds on which it is not being produced in full.

13.    If any Request is objected to on grounds of overbreadth, You shall respond to the Request as narrowed to conform to your objection.

14.    If any document or copy thereof was, but no longer is, in Your possession, custody or control, identify with specificity the following for each such document: the date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all persons having knowledge of the contents thereof.

15.    These Requests shall be deemed continuing in nature so as to require the ongoing production of documents prepared or created after the date of the Requests.

## RELEVANT TIME PERIOD

The relevant time period for the requests is January 1, 2010 through the present.

## DOCUMENT REQUESTS

1.    All documents and communications concerning Anthony Welters, including, but not limited to, his relationship with David Rubenstein, and his nomination, appointment, service, involvement, or role at The Kennedy Center.

2.      All documents and communications concerning Janet Hill, including her relationship with David Rubenstein, and her nomination, appointment, service, involvement, or role at The Kennedy Center.

3.      All documents and communications concerning the retention, service, involvement, or role of Williams & Connolly LLP at The Kennedy Center, including, but not limited to, any work that Robert Barnett, Esq. performed respecting the amendment(s) to any of The Kennedy Center's governing documents, such as (without limitation) any bylaws.

## SCHEDULE B

### TO SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO THE KENNEDY CENTER

All definitions set forth in Schedule A to the Subpoena *Duces Tecum* and *Ad Testificandum* directed to The Kennedy Center shall have the same meaning herein.

### TOPICS OF EXAMINATION

1.     Any information contained in the documents and communications produced in response to the Document Requests set forth in Schedule A.

2.     The topics that are the subject matter of the Requests set forth in Schedule A.

4902-4512-7766.v1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF PITTSBURGH COMPREHENSIVE MUNICIPAL PENSION TRUST FUND, directly on behalf of itself and all other similarly situated stockholders of THE CARLYLE GROUP INC. and derivatively on behalf of THE CARLYLE GROUP INC., <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM E. CONWAY, JR., et al., <br><br> Defendants. | SUBPOENA *DUCES TECUM* <br><br> Washington D.C. Case Number: <br> _____ <br><br> (Pursuant to the Uniform Interstate Depositions and Discovery Act and D.C. Code §13-443) <br><br> Originating State: <br> Delaware <br><br> Originating Court: <br> Court of Chancery <br><br> Originating Case Number: <br> C.A. No. 2022-0664-MTZ |

**AFFIRMATION OF NONINTERFERENCE WITH BODILY AUTONOMY**

I, CHRISTOPHER H. LYONS, declare as follows:

Pursuant to D.C. Code §13-443(a), §13-449, and D.C. Superior Court Rule 28-I(b)(2)(A), no portion of the foreign subpoena is intended or anticipated to further any investigation or proceeding of a type described in D.C. Code §2-1461.01(a).

I declare under penalty of perjury that the foregoing is true and correct.  Executed on July 21, 2025, at Nashville, Tennessee.

_____
CHRISTOPHER H. LYONS

- 1 -

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF PITTSBURGH COMPREHENSIVE ) <br> MUNICIPAL PENSION TRUST FUND, ) <br> directly on behalf of itself and all other ) <br> similarly situated stockholders of THE ) <br> CARLYLE GROUP INC. and derivatively on ) <br> behalf of THE CARLYLE GROUP INC., ) <br> ) <br>         Plaintiff, ) <br> ) <br>    vs. ) <br> ) <br> WILLIAM E. CONWAY, JR., et al., ) <br> ) <br>         Defendants. ) <br> ) | SUBPOENA *DUCES TECUM* <br><br> Washington D.C. Case Number: <br> _____ <br><br> (Pursuant to the Uniform Interstate <br> Depositions and Discovery Act and D.C. Code <br> § 13-443) <br><br> Originating State: <br> Delaware <br><br> Originating Court: <br> Court of Chancery <br><br> Originating Case Number: <br> C.A. No. 2022-0664-MTZ |

**COUNSEL OF RECORD**

Pursuant to D.C. Code § 13–443(c)(B) and D.C. Superior Court Rule 28-I(b)(1)(C)(ii), the following is a list of the names, addresses, and telephone numbers of all counsel of record in the above-captioned case to which the subpoena relates:

FRIEDLANDER & GORRIS, P.A.
Joel Friedlander
Jeffrey M. Gorris
Christopher M. Foulds
1201 North Market Street, Suite 2200
Wilmington, DE 19801
(302) 573-3500

ROBBINS GELLER RUDMAN & DOWD LLP
Christopher H. Lyons
Tayler D. Bolton
1521 Concord Pike, Suite 301
Wilmington, DE 19803
(302) 467-2660

ROBBINS GELLER RUDMAN & DOWD LLP
Randall J. Baron
Benny C. Goodman III
David A. Knotts
Michaela Park
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

SHOBE & SHOBE, LLP
Gladriel Shobe
Jarrod Shobe
P.O. Box 7132
Provo, UT 84602
(801) 900-5790

*Attorneys for Plaintiff City of Pittsburgh Comprehensive Municipal Pension Trust Fund*

RICHARDS, LAYTON & FINGER, P.A.
Blake Rohrbacher
Matthew D. Perri
Nicole M. Henry
Mari Boyle
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700

- 1 -

WILLIAMS & CONNOLLY LLP
Robert A. Van Kirk
Andrew Rudge
John Williams
Melissa Collins
Tyler Infinger
William Hawkins
Bryan Czako
Russell Mendelson
William Donnelly
Braden Currey
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

*Attorneys for Defendants Peter Clare, James H. Hance Jr., Kewsong Lee, Glenn Youngkin, Curtis Buser, Christopher Finn, Jeffrey Ferguson, The Carlyle Group Inc. as Direct Defendant, The Carlyle Group Management L.L.C., Carlyle Holdings I GP Inc., Carlyle Holdings I GP Sub L.L.C., and Carlyle Holdings II GP L.L.C.*


POTTER ANDERSON & CORROON LLP
Peter J. Walsh, Jr.
Mathew A. Golden
Adriane M. Kappauf
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899
(302) 984-6000

SULLIVAN & CROMWELL LLP
David M.J. Rein
Michael T. Lemanski
125 Broad Street
New York, NY 10004
(212) 558-4000

*Attorneys for The Carlyle Group Inc. as Nominal Defendant*


ROSS ARONSTAM & MORITZ LLP
Garrett B. Moritz
Elizabeth M. Taylor
Hercules Building
1313 North Market Street, Suite 1001
Wilmington, DE 19801
(302) 576-1600

4904-4979-6694.v1

GIBSON, DUNN & CRUTCHER LLP
F. Joseph Warin
1700 M St NW
Washington, DC 20036
(202) 955-8500

GIBSON, DUNN & CRUTCHER LLP
Marshall R. King
Alison L. Wollin
200 Park Avenue
New York, NY 10166
(212) 351-4000

*Attorneys for Defendants Lawton Fitt, the Estate of Janet Hill, William J. Shaw, Anthony Welters, and Dr. Thomas S. Robertson*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Daniel A. Mason
1313 North Market Street, Suite 806
Wilmington, DE 19801
(302) 655-4410

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Geoffrey Chepiga
Marques S. Tracy
Michael J. Slobom, Jr.
Shriram Jayakumar
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

*Attorneys for Defendants David Rubenstein, Daniel D'Aniello, and William Conway*

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

CITY OF PITTSBURGH COMPREHENSIVE )
MUNICIPAL PENSION TRUST FUND,        )
directly on behalf of itself and all other    )
similarly situated stockholders of THE    )
CARLYLE GROUP INC. and derivatively on )
behalf of THE CARLYLE GROUP INC.,      )
                                          )
                        Plaintiff,         )
                                          )
        vs.                               )
                                          )
WILLIAM E. CONWAY, JR., et al.,           )
                                          )
                        Defendants.        )
                                          )
_____ )

SUBPOENA *DUCES TECUM*

Washington D.C. Case Number:
_____

(Pursuant to the Uniform Interstate
Depositions and Discovery Act and D.C. Code
§ 13-443)

Originating State:
Delaware

Originating Court:
Court of Chancery

Originating Case Number:
C.A. No. 2022-0664-MTZ

**SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM*
DIRECTED TO THE KENNEDY CENTER**

TO:     The Kennedy Center
        2700 F. St. NW
        Washington, D.C. 20566

This subpoena is issued pursuant to Court of Chancery Rule 45, a copy of which is attached

hereto.  Court of Chancery Rules 45(c) and (d) set forth protections and duties with respect to this

subpoena.

**YOU ARE HEREBY COMMANDED**: To produce the documents identified in Schedule

A hereto on or before August 8, 2025 at 9:30 AM ET, to the offices of Robbins Geller Rudman &

Dowd LLP, 905 16th Street N.W., Suite 303, Washington, D.C. 20006.

**YOU ARE HEREBY FURTHER COMMANDED** to appear and provide testimony in

connection with the Topics set forth in Schedule B attached hereto on September 5, 2025 at 9:30

AM ET at the offices of Robbins Geller Rudman & Dowd LLP, 905 16th Street N.W., Suite 303,

Washington, D.C. 20006, or at such other location or date as may be agreed on by the parties and

deponent or ordered by the Court.  The deposition shall continue from day to day until completed.

The deposition shall be conducted before a person authorized by law to administer oaths and may

be recorded by stenographic, audio, video, and/or real-time transcription means.

 Dated:  July 21, 2025                        ROBBINS GELLER RUDMAN
                                                & DOWD LLP


                                                */s/ Christopher H. Lyons*
                                              Christopher H. Lyons (#5493)
                                              Tayler D. Bolton (#6640)
                                              1521 Concord Pike, Suite 301
                                              Wilmington, DE 19803
                                              (302) 467-2660
 **OF COUNSEL:**

- 2 -

ROBBINS GELLER RUDMAN
   & DOWD LLP
Randall J. Baron
Benny C. Goodman III
David A. Knotts
Michaela Park
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058

SHOBE & SHOBE, LLP
Gladriel Shobe
Jarrod Shobe
P.O. Box 971563
Orem, UT 84097
(385) 722-4451

FRIEDLANDER & GORRIS, P.A.
Joel Friedlander (#3163)
Jeffrey M. Gorris (#5012)
Christopher M. Foulds (#5169)
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
(302) 573-3500

*Attorneys for Plaintiff*

- 3 -

# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | |
|---|---|
| CITY OF PITTSBURGH COMPREHENSIVE MUNICIPAL PENSION TRUST FUND, directly on behalf of itself and all other similarly situated stockholders of THE CARLYLE GROUP INC. and derivatively on behalf of THE CARLYLE GROUP INC., <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM E. CONWAY, JR., DANIEL A. D'ANIELLO, DAVID M. RUBENSTEIN, PETER CLARE, JAMES H. HANCE JR., KEWSONG LEE, GLENN YOUNGKIN, LAWTON FITT, HELEN DOOLEY AS EXECUTOR FOR THE ESTATE OF JANET HILL, WILLIAM J. SHAW, ANTHONY WELTERS, DR. THOMAS S. ROBERTSON, CURTIS BUSER, JEFFREY FERGUSON, CHRISTOPHER FINN, THE CARLYLE GROUP MANAGEMENT L.L.C., CARLYLE GROUP INC., CARLYLE HOLDINGS I GP INC., CARLYLE HOLDINGS I GP SUB L.L.C., and CARLYLE HOLDINGS II GP L.L.C., <br><br> Defendants, <br><br> – and – <br><br> THE CARLYLE GROUP INC., <br><br> Nominal Defendant. | C.A. No. 2022-0664-MTZ |

# SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO THE KENNEDY CENTER

TO:   The Kennedy Center
      2700 F. St. NW
      Washington, D.C. 20566

4902-4512-7766.v1

This subpoena is issued pursuant to Court of Chancery Rule 45, a copy of which is attached hereto. Court of Chancery Rules 45(c) and (d) set forth protections and duties with respect to this subpoena.

**YOU ARE HEREBY COMMANDED**: To produce the documents identified in Schedule A hereto on or before August 8, 2025 at 9:30 AM ET, to the offices of Robbins Geller Rudman & Dowd LLP, 905 16th Street N.W., Suite 303, Washington, D.C. 20006.

**YOU ARE HEREBY FURTHER COMMANDED** to appear and provide testimony in connection with the Topics set forth in Schedule B attached hereto on September 5, 2025 at 9:30 AM ET at the offices of Robbins Geller Rudman & Dowd LLP, 905 16th Street N.W., Suite 303, Washington, D.C. 20006, or at such other location or date as may be agreed on by the parties and deponent or ordered by the Court. The deposition shall continue from day to day until completed. The deposition shall be conducted before a person authorized by law to administer oaths and may be recorded by stenographic, audio, video, and/or real-time transcription means.

ROBBINS GELLER RUDMAN
& DOWD LLP

_/s/ Christopher H. Lyons_

- 5 -

4902-4512-7766.v1

Christopher H. Lyons (#5493)
Tayler D. Bolton (#6640)
1521 Concord Pike, Suite 301
Wilmington, DE 19803
(302) 467-2660

**OF COUNSEL:**

ROBBINS GELLER RUDMAN
   & DOWD LLP
Randall J. Baron
Benny C. Goodman III
David A. Knotts
Michaela Park
655 West Broadway, Suite 1900
San Diego, CA  92101
(619) 231-1058

FRIEDLANDER & GORRIS, P.A.
Joel Friedlander (#3163)
Jeffrey M. Gorris (#5012)
Christopher M. Foulds (#5169)
1201 N. Market Street, Suite 2200
Wilmington, DE  19801
(302) 573-3500

SHOBE & SHOBE, LLP
Gladriel Shobe
Jarrod Shobe
P.O. Box 971563
Orem, UT 84097
(385) 722-4451

*Attorneys for Plaintiff*

Dated:  July 21, 2025

- 6 -

## Delaware Court of Chancery Rule 45(c) and (d):

**(c) Protection of persons subject to subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and may impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated documents, electronically stored information, or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court on behalf of which the subpoena was issued shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance; (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or (iii) subjects a person to undue burden.
(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court on behalf of which the subpoena was issued may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably

- 7 -

compensated, the Court may order appearance or production only upon specified conditions.

**(d) Duty in responding to subpoena.**

(1) If a subpoena does not specify a form for producing documents or electronically stored information, the person responding shall produce it in a form or forms in which it is ordinarily maintained, or in which it is reasonably usable. Absent a showing of good cause, the person responding need not produce the same documents or electronically stored information in more than one form. The person responding need not provide discovery of documents or electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On a motion to compel discovery or for a protective order, the person responding to a subpoena must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the Court nevertheless may order discovery from such sources if the requesting party shows good cause. The Court may specify the conditions for the discovery.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, electronically stored information, or tangible things not produced that is sufficient to enable the demanding party to contest the claim.

4902-4512-7766.v1

# SCHEDULE A

## TO SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO THE KENNEDY CENTER

## DEFINITIONS

1. "Action" means the above-captioned action.

2. The terms "and" and "or" shall be construed as both disjunctive and conjunctive.

3. The terms "any" and "all" shall be construed to include "each" and "every."

4. The terms "concerning," "relating to," and "relate to" shall mean constituting, containing, dealing with, defining, describing, discussing, embodying, evidencing, explaining, identifying, mentioning, reflecting, referring to, setting forth, stating, summarizing, analyzing, supporting, or in any way pertaining to the subject matter of the relevant request.

5. The term "communication" means any manner or means of disclosure, transfer, exchange or conveyance of information, including, but not limited to, any conversation, discussion, letter, memorandum, facsimile transmission, note, meeting, electronic mail, or other transfer of information, whether oral or written, or by any other means and includes any document that abstracts, digests, transcribes or records any communication.

- 1 -

6.    The terms "document" and "documents" shall be interpreted in the broadest possible sense and include, but are not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner, and also include, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, electronic mail or "e-mail," text messages, compact discs, CD-ROM discs, electronic data, magnetic tape, videotape, magnetic or optical disks, "floppy disks," "PowerPoint" or other presentation software systems, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities.  The term "document" also includes drafts or revisions or non-identical copies of any such document, now in Your possession, custody or

- 2 -

control, or in the possession, custody or control of Your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on Your behalf.  For the avoidance of doubt, the term "documents" shall be construed to include "communications."

7.      The term "document" or "documents" shall have the broadest meaning possible under Court of Chancery Rules 26 and 34.

8.      The term "including" means "including, without limitation" or "including, but not limited to."

9.      The terms "relationship" or "relationships" means any relationship, whether personal, familial, social, charitable, financial, professional or business-related, and includes any formal, informal, contractual or legal relationship concerning any employment, occupation, profession, ownership or equity interest for monetary gain, personal gain or livelihood, as well as any monetary, financial or labor investment.

10.     "The Kennedy Center," "You, and "Your" means the John F. Kennedy Memorial Center for the Performing Arts, including its subsidiaries, affiliates, agents, attorneys, consultants, representatives, and any other person acting or purporting to act on its behalf.

- 3 -

## INSTRUCTIONS

1.    "Herein," and words of similar meaning, shall refer to the Document Requests as a whole, and not to any particular portion of the Document Requests.

2.    The use of the singular form of any word shall include the plural and vice versa; the use of the masculine gender shall include the feminine and neuter genders and vice versa.

3.    In responding to these Requests, You shall produce separately all documents in Your possession, custody, or control.  Without limitation of the term "possession, custody, or control" in the preceding sentence, a document is in Your possession, custody, or control if You have actual possession or custody or have the right or ability to obtain the document or a copy thereof upon demand from one or more of Your subsidiaries, parents, affiliates, employees, officers, directors, members, partners, agents, attorneys, predecessors, successors, assigns and any other persons or entities acting or purporting to act on your behalf.

4.    All documents shall be produced in the order in which they are kept in the ordinary course of business and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.  All documents shall be "categorized" in the load file "by responsiveness to each request." *Kinexus Representative LLC v. Advent Software, Inc.*, 2008 WL 4379607, at *2 (Del. Ch. Sept. 22, 2008).  Any documents that were created, or were at any time stored,

- 4 -

digitally or electronically, must be produced in their native format on standard read-only digital media or as bit-stream duplications on standard read-only digital media, but not in hardcopy and not as .tiff, .pdf, or similar file types.  For any documents that were created digitally but executed with a hand-written signature or physical seal, both the digital version and the signed paper copy should be produced.

5.    For any responsive documents stored in electronic format, including email, You shall produce those documents in searchable electronic format (*e.g.*, single-page .tiff format with corresponding OCR or full-text files) on CD-ROMs, DVD-ROMs, portable or external hard drives, or other widely-used electronic or optical storage media.  All Microsoft Excel and PowerPoint documents shall be produced in native format, and Plaintiffs reserve the right, as needed, to seek production of additional documents, or categories of documents, in native format. Each native file shall be named according to the Bates number it has been assigned, and should be linked directly to its corresponding record in the load file using the NATIVELINK field.  All responsive electronic documents and communications shall be produced with sufficient metadata to convey where these items begin and end (including attachments), the original file name, and the original timestamps and attributes, including the following metadata fields:  "BEGBATES," "ENDBATES," "BEGATTACH," "ENDATTACH," "to," "from," "cc," "bcc," "date sent," "time

sent," "subject," "custodian," "author," "file name," "date created," "date last modified," "file path," "discovery path," "NATIVELINK," and "MD5HASH."

6.      You should produce the original of each document described below or, if the original is not in your custody, then a copy thereof, and, in any event, all non-identical copies, including drafts, that differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

7.      If any portion of any document or communication is responsive to any Request, the entire document must be produced.

8.      If there are no documents responsive to any particular Request or subpart thereof, you shall state so in writing.

9.      If any objection is made to any of these Requests, the response shall state whether documents are being withheld from inspection and production on the basis of such objection, or whether inspection or production of the responsive items will occur notwithstanding such objection.

10.     If You withhold any Document requested herein on the basis of any assertion or privilege or other immunity from discovery, You must comply with the requirements of Court of Chancery Rule 26.

11.    If any form of privilege or other protection from disclosure is claimed as a ground for withholding, in whole or in part, a document responsive to any of the Requests, set forth the following information:

(a)    Which privilege is claimed;

(b)    A precise statement of the facts upon which said claim of privilege is based;

(c)    The following information describing each purportedly privileged document: (i) its nature, (*e.g.*, email, agreement, letter, memorandum, etc.); (ii) the date it was prepared; (iii) the date it bears; (iv) the date it was sent; (v) the date it was received; (vi) the identity of the person preparing it; (vii) the identity of the person sending it; (viii) the identity of each person to whom it was sent or was intended to have been sent, including all addressees and all recipients of copies; (ix) a statement as to whom each identified person represented or purported to represent; and

(d)    The job titles and affiliations for each person who prepared, sent or received each purportedly privileged document.

12.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the grounds on which it is not being produced in full.

- 7 -

4902-4512-7766.v1

13.    If any Request is objected to on grounds of overbreadth, You shall respond to the Request as narrowed to conform to your objection.

14.    If any document or copy thereof was, but no longer is, in Your possession, custody or control, identify with specificity the following for each such document: the date, sender, recipient, persons to whom copies were provided together with their job titles, the information contained therein, the date upon which it ceased to exist, the disposition that was made of it and the identity of all persons having knowledge of the contents thereof.

15.    These Requests shall be deemed continuing in nature so as to require the ongoing production of documents prepared or created after the date of the Requests.

## RELEVANT TIME PERIOD

The relevant time period for the requests is January 1, 2010 through the present.

## DOCUMENT REQUESTS

1.    All documents and communications concerning Anthony Welters, including, but not limited to, his relationship with David Rubenstein, and his nomination, appointment, service, involvement, or role at The Kennedy Center.

2.    All documents and communications concerning Janet Hill, including her relationship with David Rubenstein, and her nomination, appointment, service, involvement, or role at The Kennedy Center.

3.    All documents and communications concerning the retention, service, involvement, or role of Williams & Connolly LLP at The Kennedy Center, including, but not limited to, any work that Robert Barnett, Esq. performed respecting the amendment(s) to any of The Kennedy Center's governing documents, such as (without limitation) any bylaws.

## SCHEDULE B

### TO SUBPOENA *DUCES TECUM* AND *AD TESTIFICANDUM* DIRECTED TO THE KENNEDY CENTER

All definitions set forth in Schedule A to the Subpoena *Duces Tecum* and *Ad Testificandum* directed to The Kennedy Center shall have the same meaning herein.

## TOPICS OF EXAMINATION

1.    Any information contained in the documents and communications produced in response to the Document Requests set forth in Schedule A.

2.    The topics that are the subject matter of the Requests set forth in Schedule A.

- 10 -